IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

THOMAS HENRY MCQURTER, JR.          *

   Plaintiff,                              *

v.                                                   *   CIVIL ACTION NO. 2:05-CV-519-TWO

COOSA COUNTY S.O., *et al.*,            *

   Defendants.                          *

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff is currently incarcerated in the Coosa County Jail located in Rockford, Alabama. He files this 42 U.S.C. § 1983 action complaining that he was denied access to the jail's law library and/or legal materials, he received a meal tray containing a food item to which he is allergic, and jail personnel refused to sign a grievance form. Named as defendants are the Coosa County Sheriff's Office, Tonya Thomas, Al Brady, and Chris Spivey. Plaintiff seeks injunctive relief and damages. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

DISCUSSION

*1. The Coosa County Sheriff's Office*

The Coosa County Sheriff's Office is not a legal entity subject to suit or liability under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims for relief against this defendant are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

*2. Access to Court Claim*

Plaintiff asserts that Defendants Spivey and Thomas "refused the law library" when he requested a copy of the "rules and regulations" and the 2004-2005 Alabama Criminal Code. Plaintiff fails to assert a claim which entitles him to relief.

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable but only where the inmate is able to demonstrate actual injury from such deprivation. *Id*. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 353. Rather, the *Lewis* Court concluded that the *Bounds* decision stood essentially for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their

confinement." *Id*. at 355. Additionally, the Court found that "[b]ecause *Bounds* did not create an abstract, free-standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id*. at 353; *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) ("prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim); *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) (inmate must demonstrate that inability to gain access to legal materials resulted in "actual injury" to his "capacity of bringing contemplated challenges to sentences or conditions of confinement before the courts").

Here, Plaintiff has not established a viable claim that he has been denied access to the courts. He has not shown that Defendants engaged in conduct that so hindered his efforts to pursue a non-frivolous legal claim nor that the resources available at the Coosa County Jail are inadequate to such a degree that he experienced adverse consequences or an <u>actual</u> injury from the alleged deprivation. *Lewis*, 518 U.S. at 349. Because Plaintiff's allegations fail to articulate any "actual injury" accruing to him based on his contention that he has been denied access to the jail law library and/or legal material, this claim is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

3. *The Food Claim*,

Plaintiff complains that even though his prison jacket contains notice of his allergy

3

to onions, he was served a meal tray containing this vegetable.[2] This claim against Defendants is grounded, at most, in negligence. A claim for negligence, however, is not cognizable in a § 1983 action. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff's negligence claim is, therefore, due to be dismissed as frivolous.

*4. The Grievance Claim*

Plaintiff complains that Officer Spivey refused to sign his grievances. This claim entitles Plaintiff to no relief. The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 28, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

---

[2]According to a document attached to the complaint, Plaintiff received a replacement meal after jail staff realized their mistake.

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of June, 2005.

        **/s/ Delores R. Boyd**
        DELORES R. BOYD
        UNITED STATES MAGISTRATE JUDGE